IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Crim. No. 10-02-JJF |
|  | ) |  |
| STEPHEN P. SASSI, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM ORDER

At Wilmington this **26th** day of **September, 2011**:

1. Pending before the Court is Defendant's Motion Pursuant to Rule 60(b) to Vacate Amended Judgment (D.I. 30) and Reinstate Original Judgment (D.I. 17) ("Motion") (D.I. 55).

2. On June 25, 2010, Defendant was sentenced by the Honorable Joseph J. Farnan, Jr. for wire fraud, a violation of 18 U.S.C. § 1343 ("Original Judgment"). (D.I. 17) His sentence included 36 months of incarceration followed by supervised release, as well as an order that the defendant make restitution in the amount of $367,769. In the Original Judgment, the Court indicated that the "Schedule of Payments" included $500 monthly over a period of 36 months to commence 30 days after release from imprisonment. (D.I. 17 at 6)

3. On July 9, 2010, the government filed a Motion to Correct the Judgment pursuant to Fed. R. Crim. Proc. 35(a) and 36, requesting that the Court amend the Original Judgment to indicate that Defendant was to pay restitution beginning immediately, which the government believed was the Court's intent as expressed during the sentencing hearing of June 22, 2010. (D.I. 25)

4. On July 13, 2010, Judge Farnan granted the government's Motion to Correct the

Judgment. (D.I. 29) Thereafter, the Court entered an amended judgment, reflecting that payment of restitution shall begin immediately ("Amended Judgment"). (D.I. 30 at 1, 6)

5. On July 30, 2010, Judge Farnan retired. This case was subsequently reassigned to the undersigned Judge.

6. On April 4, 2011, Defendant filed a Motion for Amendment/Clarification of Judgment Order, asking that the Court make his restitution payments due only after he is released from prison. (D.I. 50) On April 13, 2011, Defendant filed an amended version of his Motion to Amend/Correct. (D.I. 52) On April 19, 2011, the Court denied Defendant's motion. (D.I. 53)

7. On July 18, 2011, Defendant filed the pending Motion. (D.I. 55) Defendant moves, pursuant to Fed. R. Civ. Proc. 60(b), to reinstate the Original Judgment – which would make restitution due only after his release from incarceration – and to vacate the Amended Judgment. Defendant insists that the Court has jurisdiction under Rule 60(b) and that the Court never intended for him to have to pay restitution while incarcerated. The government opposes Defendant's Motion. (D.I. 57)

8. The Court **DENIES** Defendant's Motion. Defendant presses his Motion under Federal Rule of Civil Procedure 60(b), but this civil rule is not available to challenge a criminal sentencing judgment. Nor would a motion pursuant to Federal Rule of Criminal Procedure 35(a) now be timely, as Rule 35(a) only permits the Court to correct an "arithmetical, technical, or other clear error" in a sentence "[w]ithin 14 days after sentencing." Nor does Federal Rule of Criminal Procedure 36 help Defendant. Although Rule 36 permits the Court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission," the Court is not persuaded that the Amended

Judgment contains such an error. Judge Farnan's grant of the Government's Motion to Amend the Judgment would seem to indicate that Judge Farnan, the sentencing judge, believed the Original Judgment contained a clerical error, and his entry of the Amended Judgment presumably means he felt the Amended Judgment corrected the clerical error. Alternatively, if the Amended Judgment is plagued by a non-clerical error, this Court presently has no authority to correct such an error.[1]

9. As the government observes, courts have construed motions such as Defendant's instant Motion to be requests for habeas relief pursuant to 28 U.S.C. § 2255. (D.I 57) However, Defendant plainly states in his Reply Brief/Memorandum filed with the Court on August 4, 2011 that he does not wish the Court to construe his motion as a Section 2255 petition. (D.I. 59 at 3) In accordance with Defendant's request, the Court will not construe Defendant's motion as a Section 2255 petition.

**IT IS HEREBY ORDERED** that Defendant's Motion (D.I. 55) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court has undertaken the "thorough review of the sentencing transcript" requested by Defendant (D.I. 59 at 2) and finds that restitution was discussed by the Court and counsel throughout the sentencing hearing (see, e.g., D.I. 20 at 25-26, 43-44, 48, 61, 66-69). As Defendant insists, Judge Farnan did not explicitly state that restitution payments were to begin immediately. In announcing his sentence, Judge Farnan stated, among other things: (i) the total amount of restitution owed is $367,769; (ii) "I'm going to waive requirements of interest payments on that restitution, but I will order the payment of restitution;" and (iii) "[y]ou are to pay any financial penalty imposed by this judgment that remains unpaid at the commencement [of] the term of supervised release" but "you don't have the ability to pay a fine because of the sentence of incarceration, and, therefore, I'm not going to impose a fine in this case." (D.I. 20 at 68-69) Judge Farnan did not expressly address the issue of how much Defendant would have to pay while incarcerated, but added "[w]hile on supervised release, you are to make a payment of not less than $500 a month for restitution." (Id.)